Lawrence S. Lustberg, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Tel: (973) 596-4500
Fax: (973) 596-0545
*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE SEACH OF ALL ELCTRONIC DEVICES ON THE PERSON OF WAEL HANA | Mag. No. 19-8415 |
| IN RE SEACH OF THE PREMISES LOCATED INSIDE 125 RIVER ROAD, SUITE 301, EDGEWATER, NEW JERSEY, 07020 | Mag. No. 19-8417 |
| IN RE SEARCH OF THE PREMISES LOCATED AT 100 ALEXANDER WAY, SUITE 710, EDGEWATER, NEW JERSEY, 07020 | Mag. No. 19-8418 |
| IN RE SEARCH OF THE PREMISES LOCATED INSIDE 125 RIVER ROAD, SUITE 301, EDGEWATER, NEW JERSEY 07020 | Mag. No. 19-8459 |
| WAEL HANA, <br><br> Plaintiff, <br><br> -v- <br><br> UNITED STATES OF AMERICA <br><br> Defendant. | Civil Action No.: 20-cv- 536 (CCC) |

**DECLARATION OF LAWRENCE S. LUSTBERG, ESQ.
<u>IN SUPPORT OF PLAINTIFF'S MOTION FOR RETURN OF PROPERTY</u>**

I, Lawrence S. Lustberg, Esq., pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the foregoing is true and correct:

1. I am an attorney-at-law in the State of New Jersey and am a member of the Bar of this Court, among others. I am the Co-Chair of Commercial & Criminal Litigation at Gibbons P.C. and Director of the Firm's John. J. Gibbons Fellowship in Public Interest & Constitutional Law. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration and could testify competently to them if called to do so.

2. I am the attorney for Plaintiff Wael Hana ("Mr. Hana" or "Plaintiff") in this matter. On November 25, 2019, the Government executed several search warrants on two premises connected with Mr. Hana, during which it seized significant amounts of his property, both personal and business-related, which property, as set forth below, it has refused to return, though it has not charged Mr. Hana (who, I am told, has not even been identified as a target of its investigation) and has not moved to forfeit his property or otherwise commence a lawful process of holding the property, under the supervision of the Court.

3. I respectfully submit this declaration in support of Plaintiff's Motion for Return of Property pursuant to Federal Rule of Criminal Procedure 41(g), which prohibits the Government from withholding Mr. Hana's property for an unreasonable amount of time, as the Government has done here, *see United States v. Premises Known as 608 Taylor Ave., Apartment 302*, 584 F.2d 1297, 1302-04 (3d Cir. 1978), and the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the government from seizing property and then failing to bring a forfeiture action against it within a reasonable time, *United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in United States Currency*, 461 U.S. 555, 563 (1983).

2

## The Government Seizes Mr. Hana's Property

4. On November 20, 2019 the Honorable Leda Dunn Wettre, United States Magistrate Judge of the United States District Court of New Jersey, signed warrants authorizing the search of Mr. Hana's business, IS EG Halal at 125 River Road, Suite 301, Edgewater, New Jersey 07020, and of his home at 100 Alexander Way, Suite 710, Edgewater, New Jersey 07020.[1] Exh. A-B. Judge Wettre also authorized the search of all electronic devices on Mr. Hana's person. Exh. C.

5. The search warrants authorized the seizure of "evidence, contraband, fruits, and instrumentalities of violations of" 18 U.S.C. §§ 371 and 951; 21 U.S.C. § 844; and 22 U.S.C. §§ 612 and 618(a)(1).

6. The warrants authorized the seizure of documents, communications, and things related to Mr. Hana's purported actions at the direction of the Egyptian government and IS EG, including Mr. Hana's alleged communications with U.S. officials and other actions allegedly taken in connection with the offenses specified above. Exh. A-C.

7. The Government executed the search warrant for 100 Alexander Way, Suite 710, on or about November 25, 2019. Exhs. B, E. The Government seized:

    a. Business documents regarding Uruguay, including two notebooks;

    b. An iPhone 11;

    c. An iPhone 10 with protective casing;

---

[1] True and correct copies of the warrants are attached to this Declaration as follows: the warrant for the search of 125 River Road issued on November 20, 2019, Magistrate Number 19-8417, is attached as Exhibit A; the warrant for the search of 100 Alexander Way issued on November 20, 2019, Magistrate Number 19-8418, is attached as Exhibit B; the warrant for the search of all electronic devices on Mr. Hana's person, Magistrate Number 19-8415, is attached as Exhibit C; and the Warrant for the search of 125 River Road issued on November 25, 2019, Magistrate Number 19-8459, is attached as Exhibit D.

True and correct copies of the inventories of the property seized during the searches are attached to this Declaration as follows: the inventory regarding the property seized at 100 Alexander Way is attached as Exhibit E; the inventory regarding the property seized at 125 River Road is attached as Exhibit F.

      d.      Three Samsung cellphones with protective casing;

      e.      IS EG business documents;

      f.      Documents from the Egyptian Embassy;

      g.      Business documents which included a photo album;

      h.      Business documents;

      i.      $5,943.00 in cash;

      j.      Jewelry;

      k.      A Vertu smartphone;

      l.      Business documents;

      m.      A Tablet with a wireless keyboard and charger;

      n.      A Mac Mini;

      o.      A "dark green substance" with a "gold cigarette"; and

      p.      A passport. Exh. E.

8. On November 25, 2019, Judge Leda Dunn Wettre issued another search warrant for 125 River Road Suite 301, which updated the physical description of the office space in Suite 301. Exh. D.

9. The Government executed the search warrants for 125 River Road Suite 301 on or about November 25, 2019. Exhs. D, F. During the search, the Government seized:

      a.      A Lenovo laptop with a power card;

      b.      An HP ProDesk computer tower;

      c.      Another HP computer tower;

      d.      A BuyPower computer tower;

      e.      A Lenovo computer tower;

   f.  Three USBs;

   g.  "Misc[ellaneous] documents and notepads and folders";

   h.  A WD My Cloud Mirror Server;

   i.  A Synology Server;

   j.  A Dell computer tower; and

   k.  Two Lenovo Think Center towers. Exh. F.

10. The Government has neither brought any charges against Mr. Hana, nor provided either him, or me, with any explanation for why it seized his property; nor did it even extend either of us the common courtesy of speaking to us, notwithstanding my efforts to reach the responsible Assistant U.S. Attorneys with the assistance of the United States Attorney's Office for the District of New Jersey, until finally, on December 13, 2019, I received an email from Assistant U.S. Attorneys Jason Richman and Gillian Grossman indicating that they would speak to me, which they finally did four (4) days later. *See infra*, ¶¶ 12–13.

### The Government Ignores Mr. Hana, and Then Rejects His Reasonable Requests for the Return of His Property

11. This was not for lack of trying. At the time of the search, I (as Mr. Hana's counsel) reached out to several Assistant U.S. Attorneys in the District of New Jersey to inquire to whom I should speak with regard to this matter. I also attempted to contacted the FBI agents who executed the search warrants, who had left their business cards with Mr. Hana, to no avail – they did not return my calls or emails. Eventually, on December 4, 2019, John Gay, the Chief of the Criminal Division of the United States Attorney's Office for the District of New Jersey, graciously returned my calls and emails; he informed me that the case was being handled in another District and that he would pass my contact information on to the prosecutors there.[2]

---

[2] A true and correct copy of my emails with Mr. Gay are attached as Exhibit G.

Exh. G. On December 12, 2019, having not heard from the Government, I contacted Mr. Gay again and told him that I had not been contacted, informing him that I felt that I had no choice but to file a motion, like this one. *Id.* The next day, Mr. Gay informed me that the Assistant United States Attorney in charge of the investigation had asked him not to provide her name to me. *Id.* He reiterated that she would eventually contact me. *Id.* He also explained that he would inform her of my intention to file a motion like this one. *Id.*

12. At 5:00 p.m. on Friday, December 13, 2019, Assistant United States Attorneys Jason A. Richman and Gillian Grossman, from the Southern District of New York, contacted me to arrange a phone call regarding this matter.[3] Exh. H.

13. Mr. Richman and Ms. Grossman were busy, and we were not able to have that phone call until December 17, at which point Mr. Richman and Ms. Grossman advised me that Mr. Hana is not, at this time, a target of the Government's investigation; they characterized him as a subject. They told me that they would not return Mr. Hana's passport because it is being held as evidence. However, they explained that they had no intention of restricting Mr. Hana's freedom to travel, and specifically recommended that he apply for a new passport so that he could do so. I explained that Mr. Hana was willing to meet and cooperate with the Government and to discuss his conduct at any time. *Id.* They declined to tell me what the case was about, saying it was "early" in their investigation. I explained Mr. Hana's position was that he is entitled to the return of his property and would go to Court to get it if needs be. *Id.* Mr. Richman and Ms. Grossman asked that I submit a list of the items that Mr. Hana requested be returned, and promised to let me know their position with respect to those items. *Id.* At no point did they ever explain how Mr. Hana's property constitutes evidence in their investigation.

---

[3] A true and correct copy of my emails with Ms. Grossman and Mr. Richman are attached as Exhibit H.

6

14. The day after that discussion, I sent Mr. Richman and Ms. Grossman an email memorializing the call. *Id.* I reiterated that Mr. Hana is fully willing to cooperate with the Government's investigation and that he seeks the return of his seized items. *Id.* Specifically, I requested the return of Mr. Hana's laptop and desktop computers, documents, USBs, internet servers, cellphones, business documents, documents from the Egyptian Embassy, a photo album, jewelry (some of which he had purchased as a Christmas gift for his mother), a tablet, and, finally, his passport. *Id.* I explained that he needed those items for both personal and professional reasons. *Id.*

15. Three days later, having again heard nothing, I contacted the Government to request a response to my email. *Id.* Ms. Grossman replied that the Government would return Mr. Hana's electronic devices and storage media after it had finished imaging their data, subject to several conditions, such as a stipulation that the digital evidence on the device be authenticated without the physical object. *Id.* She also asked that I identify whether any of the seized materials belonged to a third party. *Id.* Ms. Grossman refused, however, to return Mr. Hana's passport or any of his other property. *Id.*

16. I replied that the Government's response was wholly inadequate and that as a consequence I would be filing this motion. *Id.* I explained that none of the property that the Government seized belonged to a third party. *Id.* I also requested that the Government provide a timetable for the return of that property of Mr. Hana's which the Government had promised to image and return. *Id.* I did not receive a response from the Government for ten days. *Id.* On December 30th, after another follow-up email from me, Mr. Richman informed me that the Government would not change its stance on the passport and would not provide me a timeframe for the return of Mr. Hana's other property. *Id.*

17.     Mr. Hana's property currently remains in the possession of the Government, over his objection and in violation of his rights, constitutional and otherwise.

Dated: January 14, 2020
       Newark, New Jersey

_____
Lawrence S. Lustberg